IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AHMED MOHAMMAD, #13109-058, | * | |
| Petitioner | | |
| | * | |
| v. | | CIVIL ACTION NO. DKC-05-2372 |
| | * | |
| STEPHEN DEWALT, | | |
| Respondent | * | |
| | ****** | |

**MEMORANDUM**

On August 26, 2005, Petitioner, presently incarcerated at the Federal Prison Camp ("FPC"), Cumberland, Maryland, filed a Complaint for Injunctive Relief which was construed as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Paper No. 1. Petitioner contends that Respondent "by-pass[ed] the Administrative Procedure Act by inacting [sic] procedural rules without notice." *Id*. Petitioner further alleges that Respondent violated his due process rights "when the Warden failed to provide notice of a new procedural rule denying inmates halfway house." *Id*. He seeks injunctive relief ordering Respondent to "reconsider his placement in a halfway house the last 10% of his sentence...." *Id.*[1]

The case now is before the court on Respondent's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. Paper No. 4. Petitioner has replied. Paper No. 6. No hearing is needed to resolve the issues raised in this case. Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the dispositive motion filed by Respondent will be granted.

---

[1] When the undersigned construed the complaint as a petition for writ of habeas corpus, Petitioner filed a motion for expedited review. (Paper 3). That motion is denied as moot. Petitioner also requests the appointment of counsel in his response to Respondent's motion. (Paper 6). Appointment of counsel is not required unless an evidentiary hearing is necessary. In light of Petitioner's ability to present the information necessary to review his claim, the request for counsel is denied.

**Background**

Petitioner is a federal inmate serving a ninety-five month sentence with a projected release date of April 21, 2006, based on good conduct time release. Paper No. 3, Ex. 1. During Petitioner's first program review, his unit team recommended him for one hundred fifty (150) to one hundred eighty (180) days placement in a Community Corrections Center ("CCC"). *Id*., Ex. 2. On May 23, 2005, Petitioner was found guilty of a rule infraction and was sanctioned with the disallowance of fourteen days good conduct time, fifteen days disciplinary segregation, and 180 days loss of phone privileges. *Id*., Ex. 2, Attachment C. At Petitioner's next program review, held on May 25, 2005, his unit team informed him that his CCC placement date could change after the final incident report and sanctions were formally entered into the data base. *Id*., Attachment D. Petitioner subsequently was advised that the time recommended to be spent in CCC placement had been decreased due to the disciplinary incident. *Id*., Attachment D.

On July 27, 2005, Petitioner submitted an "Inmate Request to Staff Member" to Respondent inquiring why the recommendation for CCC had been reduced. *Id*., Attachment C. Respondent advised Petitioner that the CCC recommendation had been reduced based on "concerns regarding [Petitioner's] ability to successfully complete a CCC placement in the 120-day range" due to Petitioner's recent infraction. *Id*., Attachment G. On August 29, 2005, Petitioner filed an Administrative Remedy with the Mid-Atlantic Regional Office concerning the incident report which was heard in front of the Disciplinary Hearing Office ("DHO) on May 23, 2005. The remedy was rejected as untimely since it was not filed within twenty days of receiving the incident report. *Id.*, Ex. 1, Attachment B. Petitioner did not make any further effort to pursue available administrative remedies. *Id*., Ex. 1.

The BOP has been granted the exclusive authority to designate the place of confinement of a federal prisoner. *See* 18 U.S.C. § 3621. Title 18 U.S.C. § 3624(c) allows the BOP to place inmates, "to the extent practicable" in a CCC for a "reasonable part" of the inmates sentence "not to exceed six months...." This statute is not mandatory: rather, it is discretionary. *See Lyle v. Sivley*, 805 F. Supp. 755 (D. Ariz. 1992); *Fagiolo v. Smith*, 326 F.Supp 2d 589, 592 (M.D. PA 2004) (prisoner is entitled to be considered for CCC confinement, but is not entitled to placement in a CCC under 18 U.S.C. § 3624(c)). Additionally, "the statute does not state any minimum amount of time that has to be given an inmate to live in the community prior to his release, but merely states that it cannot be more than six months." *Giannolla v. BOP*, 2002 WL 32714319 (E.D.N.C. Aug. 16, 2002).

**Analysis**

Respondent contends that this action should be dismissed in its entirety due to Petitioner's failure to exhaust available administrative remedies. Federal inmates are required to exhaust their administrative remedies prior to filing a §2241 petition. *See Skinner v. Wiley*, 355 F.3d 1293 (11th Cir. 2004); *Carmona v. Bureau of Prisons,* 243 F.3d 629, 634 (2d Cir. 2001*); Martinez v. Roberts*, 804 F.2d 570 (9th Cir. 1996); *Moscato v. Federal Bureau of Prisons*, 98 F. 3d 757 (3rd Cir. 1996); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1991). Thus, Petitioner's claim must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement or that attempts to exhaust would be futile.

The Bureau of Prisons has instituted a three tier administrative remedy process. Initially a prisoner must attempt to informally resolve his complaint with staff. If attempts at informal resolution are unsuccessful, he may file a written complaint to the warden on a prescribed form. This must be done within twenty days of the incident giving rise to the complaint unless the prisoner can demonstrate a valid reason

for delay. *See* 28 C.F.R. §542.14(a). If the prisoner is not satisfied with the warden's response he may appeal to the Regional Director. This must be done within twenty days from the date of the warden's decision. *See* 28 C.F.R. §542.15(a). Finally, if the prisoner is not satisfied with the response of the Regional Director he may appeal to the Office of General Counsel. This must be done within thirty days from the date of the Regional Director's response. *See id.* Administrative remedies are not deemed to have been exhausted until an inmate has filed his complaint at all levels. *See* 28 C.F.R. §542.15(a).

The uncontroverted evidence shows that Petitioner filed an informal "inmate request to staff member" but failed to appeal the Warden's denial of his complaint. Paper No. 3, Ex. 1. Petitioner's claim that exhaustion would be futile because another inmate's journey through the administrative process took longer than the time outlined in Respondent's answer is unavailing. Where the available administrative remedies are either unavailable or wholly inappropriate to the relief sought, or where attempts to exhaust administrative remedies would be considered futile, the exhaustion requirement is deemed excepted. *See Booth v. Churner,* 532 U.S. 731, 735 (2001); *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir.1985). Such is not the case here. Petitioner had ample time to pursue administrative remedies relative to the downward adjustment by his unit team in the recommended CCC placement and/or to pursue administrative remedies as to the underlying disciplinary infraction. Petitioner was free to pursue his administrative remedies in an effort to have the Warden, Regional Director and/or Central Office reconsider and correct the reduction in his CCC placement and/or vacate the disciplinary infraction. This he did not do. Accordingly, the Petition must be dismissed. A separate order follows.

                                                  _____/s/_____
                                                  DEBORAH K. CHASANOW
                                                  United States District Judge